JAMES B. CAMP *v.* SECOND NATIONAL BANK OF LOUISVILLE ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—326.]

**Judgment Against Infant.**

A judgment against an infant will not be set aside for the only reason that the defendant was an infant when the summons was

served on him, for before such a judgment will be set aside it must be made to appear that the defendant had a valid defense to the action. Such defendant may have obtained the money or property of the plaintiff, and under such circumstances the chancellor should refuse to vacate the judgment.

### APPEAL FROM JEFFERSON CIRCUIT COURT.

October 8, 1881.

OPINION BY JUDGE PRYOR:

The only ground relied on in this case is the error committed in the court below in rendering judgment against an infant upon a defective service of process. In fact, the record discloses the fact that when the judgment was rendered the infancy had ceased; but waiving this question and treating the case as if the disability existed at the time, still there is no ground for relief.

The only reason for asking the chancellor to set aside the judgment is: "That the appellant was an infant when the summons was served on him." This may and does constitute one of the grounds for vacating the judgment; but by Buckner & Bullitt's Civ. Code (1876), §§ 520, 521, there must be a valid defense to the action, and if there is no other reason than that the appellant was an infant, the chancellor will not interfere. He may have obtained the money or the property of the appellees, and the chancellor would scarcely interfere and vacate the judgment under such circumstances.

Judgment *affirmed*.

*W. T. Thurman, M. Boland*, for appellant.

*D. M. Rodman*, for appellees.